RIKER DANZIG SCHERER HYLAND
  & PERRETTI LLP
Lance J. Kalik, Esq. (LK-4677)
500 Fifth Avenue
49th Floor
New York, N.Y. 10110
-and-
Headquarters Plaza
One Speedwell Avenue
Morristown, N.J.  07962-1981
lkalik@riker.com
Tel.: (973) 538-0800
Fax: (973) 538-1984

Attorneys for Defendants,
Harleysville Insurance Company of New York
Harleysville Worcester Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DURST  PYRAMID  LLC  and  HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> HARLEYSVILLE INSURANCE COMPANY OF NEW YORK, HARLEYSVILLE WORCESTER INSURANCE COMPANY and FRED GELLER ELECTRICAL, INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br><br><br> **NOTICE OF REMOVAL** <br><br><br> **Removed From The Supreme Court Of New York, County of New York** |

To:    Clerk
       United States District Court, Southern District of New York
       500 Pearl Street
       New York, New York 10007

       **PLEASE TAKE NOTICE** that Defendants Harleysville Insurance Company of New

York ("HICNY") and Harleysville Worcester Insurance Company ("HWIC") (collectively

"Harleysville"), hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, with full reservation of any and all of their rights, defenses, and objections, and states as follows:

### PROCEDURAL HISTORY

1.      On or about December 19, 2017, Plaintiffs, Durst Pyramid LLC and Hunter Roberts Construction Group, LLC (collectively "Plaintiffs") filed a complaint against Harleysville and Defendant Fred Geller Electrical, Inc. ("Geller") in the Supreme Court of New York, New York County, under index no. 657436/2017 (the "Complaint").   Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as **Exhibit A**.  This document is the only pleading that Harleysville has received notice of in this matter to date.

2.      The Complaint alleges that Harleysville breached a duty to defend and indemnify Plaintiffs as additional insureds under certain policies of insurance that Harleysville issued to Geller (the "Harleysville Policies") in connection with an underlying bodily injury suit filed in the Supreme Court of New York, County of New York, bearing index number 161426/2015 (the "Underlying Action"). The Complaint seeks a declaration that Harleysville is obligated to defend and indemnify Plaintiffs in the Underlying Action as well as an unspecified amount of damages, including legal fees and costs, as a result of Harleysville's alleged failure to defend and indemnify them in connection with the Underlying Action.

3.      In the Underlying Action, an employee for non-party, Eagle One Roofing Contractors, Inc., sued Plaintiffs herein for injuries allegedly arising from a construction site accident. A copy of the complaint for the Underlying Action is attached hereto as **Exhibit B.**

4.      On or about December 12, 2017, Plaintiffs filed a third-party complaint in the Underlying Action against Geller asserting claims for contractual indemnification, breach of contract for failure to procure insurance, contribution, and common law indemnification.  A copy of the third-party complaint in the Underlying Action is attached hereto as **Exhibit C.**

5.      On or about December 21, 2017, the Complaint in this action was sent to the New York State Department of Financial Services, which forwarded it to Harleysville under cover dated January 2, 2018.

6.      On or about January 5, 2018, Harleysville received the Complaint.

7.      No process or other orders have been served on Harleysville in this matter to date.

### *REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332*

8.      This action is removable because the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between the parties, excluding Defendant Geller, which was fraudulently joined, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### *A.  There is Complete Diversity of Citizenship between the Parties.*

9.      28 U.S.C. § 1332(a)(1) requires that an action founded on diversity jurisdiction be between citizens of different states.

10.     Upon information and belief, Durst Pyramid LLC is a New York limited liability corporation with its principal place of business in New York.

11.     Upon information and belief, Hunter Roberts Construction Group, LLC is a Delaware limited liability corporation with its principal place of business in New York.

12.     Defendant HICNY is a Pennsylvania corporation with its principal place of business in Pennsylvania.

13.     Defendant HWIC is a Pennsylvania corporation with its principal place of business in Pennsylvania.

14.     Defendant Geller is a New York corporation with its principal place of business in New York.

15.     Although Geller shares its location of citizenship with Plaintiffs, Geller was fraudulently joined by Plaintiffs to defeat diversity and, as such, can be disregarded as misjoined for purposes of establishing diversity jurisdiction. See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001).

16.     Geller is fraudulently joined in this action because:

a.   Plaintiffs assert no claims specifically against Geller in the Complaint (see Ex. A);

b.   Plaintiffs seek no relief specifically against Geller in the Complaint (see Ex. A);

c.   Plaintiffs have already sued Geller in the Underlying Action as a Third Party Defendant (See Ex. C); and

d.   The claims asserted against Geller in this lawsuit are entirely duplicative of the claims asserted in the Underlying Action.  See County of Niagara v. Lib. Mut. Ins. Co., 14-CV-00737A(F), 2016 WL 2997903 (W.D.N.Y. May 24, 2016) (finding named insured, against whom third-party indemnity claim was asserted in underlying liability action, was fraudulently joined nominal defendant in declaratory judgment action seeking additional insured coverage, where no claims

were asserted against nor relief sought from named insured in declaratory judgment action).

17.     There are no other parties to this matter.  Thus, there is complete diversity in citizenship between Plaintiffs and those Defendants not fraudulently joined, which satisfies 28 U.S.C. § 1332(a)(1).

### B. The Amount-In-Controversy Requirement Is Satisfied.

18.     Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs."

19.     The Second Circuit has held that in declaratory judgment actions involving insurance policies, the applicable policy limits determine the jurisdictional amount, regardless of the insured's claimed damages.  Beacon Const. Co. v. Matco Elec. Co., Inc., 521 F.2d 392, 399 (2d Cir. 1975) (noting that "the entire value of an insurance policy determines the jurisdictional amount . . . .").

20.     In the Complaint, Plaintiffs seek defense and indemnification from Harleysville under the Harleysville Policies in connection with the Underlying Action.

21.     The complaint filed in the Underlying Action alleges that the underlying plaintiff was "severely injured," for which the underlying plaintiff allegedly incurred medical expenses and as a result of which he is "unable to attend to his usual occupation in the manner required, sustaining loss of wages and will suffer loss of earnings in the future."

22.     The complaint filed in the Underlying Action further alleges that the underlying plaintiff has been damaged in a sum "in excess of the jurisdictional amounts of the lower courts."

23.     As set forth in the Complaint, Plaintiffs also seek the costs of defending the Underlying Action.

24.     Finally, the per occurrence limit of the Harleysville Policies is $2,000,000 in the primary layer and $9,000,000 in the umbrella layer.

25.     Based on the foregoing, the potential damages at issue in this matter exceed the jurisdictional amount of $75,000.

## DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1441 et seq.

26.     Because this Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, the Complaint is removable pursuant to 28 U.S.C. § 1441.

27.     Removal to the Southern District of New York is proper because this Court embraces the county in which the Complaint is now pending.  28 U.S.C. § 1441(a).

28.     Removal is also proper because none of the Defendants which are not fraudulently joined are citizens of New York, and thus removal does not violate 28 U.S.C. § 1441(b) which precludes removal by a defendant of a forum state.

29.     Removal is timely pursuant to 28 U.S.C. § 1446(b) in that this Notice is being filed within thirty (30) days after Harleysville's receipt of the Complaint.

30.     Notwithstanding the fact that it has been fraudulently joined, Geller consents to removal, as required by 28 U.S.C. 1446(b)(2)(A).

31.     No previous Notice of Removal has been filed or application made to this Court for the relief sought herein.

32.     Harleysville will promptly serve a copy of this Notice of Removal on Plaintiffs' counsel, and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, New York County, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Harleysville respectfully requests that the Complaint be removed from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York.

Respectfully submitted,

By:____/s/ *Lance J. Kalik*_____
        Lance J. Kalik (LK-4677)
        RIKER, DANZIG, SCHERER, HYLAND
        & PERRETTI LLP
        Attorneys for Defendants,
        Harleysville Insurance Company of New
        York and Harleysville Worcester Insurance
        Company

Dated: February 1, 2018

4918301v3

# EXHIBIT A



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 17604375**
**Date Processed: 01/05/2018**

| | |
|---|---|
| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| Electronic copy provided to: | Kevin Jones<br>Cassandra Struble<br>Joshua Schonauer |

| | |
|---|---|
| Entity: | Harleysville Insurance Company Of New York<br>Entity ID Number  3316093 |
| Entity Served: | Harleysville Insurance Company of New York |
| Title of Action: | Durst Pyramid LLC and Hunter Roberts Construction Group, L.L.C. vs.<br>Harleysville Insurance Company of New York, Harleysville Worcester Insurance<br>Company and Fred Geller Electrical, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | New York County Supreme Court, New York |
| Case/Reference No: | 657436/2017 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 01/05/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Cullen and Dykman, LLP<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



NEW YORK STATE
DEPARTMENT of
FINANCIAL SERVICES

| Andrew M. Cuomo | Maria T. Vullo |
|---|---|
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of NEW YORK

657436/2017

DURST PYRAMID LLC AND HUNTER ROBERTS          Plaintiff(s)
CONSTRUCTION GROUP LLC

against

Defendant(s)

Harleysville Insurance Company of New York

RE :Harleysville Insurance Company of New York formerly known as Mainland Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on December 21, 2017 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

    CULLEN & DYKMAN LLP
    SCOTT M. SHAPIRO, ESQ
    44 WALL STREET
    15TH FLOOR
    NEW YORK, New York 10005

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

    Kasia Spadaro
    Harleysville Insurance Company of New York
    Corporation Service Company 80 State Street
    Albany, New York 12207-2543

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, January 02, 2018
593844

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
DURST PYRAMID LLC and HUNTER ROBERTS                    Index No.:     657436/2017
CONSTRUCTION GROUP, L.L.C.,

                                        Plaintiffs,

        - against -                                                **SUMMONS**

HARLEYSVILLE INSURANCE COMPANY OF NEW
YORK, HARLEYSVILLE WORCESTER INSURANCE
COMPANY and FRED GELLER ELECTRICAL, INC.,

                                        Defendants.
-----------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this

action, and to serve a copy of your Answer on the Plaintiffs' attorneys, CULLEN AND

DYKMAN LLP, within twenty (20) days after the service of this Summons exclusive of the day

of service (or within thirty (30) days after the service is complete if this Summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the Verified

Complaint.

Dated:   New York, New York
         December 19, 2017


                                        CULLEN and DYKMAN LLP


                        By:     _____
                                Scott M. Shapiro, Esq.
                                Attorneys for Plaintiffs
                                DURST PYRAMID and HUNTER ROBERTS
                                CONSTRUCTION GROUP, L.L.C.
                                44 Wall Street, 15th Floor

{00407476.DOCX}

New York, New York 10005
212-732-2000
File No.: 5448-10

TO:    **BY SUPERINTENDENT OF INSURANCE**
HARLEYSVILLE INSURANCE COMPANY OF NEW YORK
355 Maple Avenue
Harleysville, PA 19438-2297

**BY SUPERINTENDENT OF INSURANCE**
HARLEYSVILLE WORCESTER INSURANCE COMPANY
120 Front Street
Worcester, MA 01608-1408

**BY SECRETARY OF STATE**
FRED GELLER ELECTRICAL, INC.
54-15 38th Avenue
(AKA 37-32 55th Street)
Woodside, New York 11377

{00407476.DOCX}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
DURST PYRAMID LLC and HUNTER ROBERTS      Index No.:    657436/2017
CONSTRUCTION GROUP, L.L.C.,

                     Plaintiffs,

     - against -                                 **VERIFIED COMPLAINT**

HARLEYSVILLE INSURANCE COMPANY OF NEW
YORK, HARLEYSVILLE WORCESTER INSURANCE
COMPANY and FRED GELLER ELECTRICAL, INC.,

                     Defendants.
-------------------------------------------------------------------X

       Plaintiffs DURST PYRAMID LLC ("DURST") and HUNTER ROBERTS

CONSTRUCTION GROUP, L.L.C. ("HUNTER ROBERTS"), by their attorneys, CULLEN AND

DYKMAN LLP, as and for their Verified Complaint herein, alleges, upon information and belief as

follows:

## NATURE OF THE ACTION

     1.     DURST and HUNTER ROBERTS commence this action seeking a judgment

declaring that:

     (1)    Defendant HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and
           HARLEYSVILLE WORCESTER INSURANCE COMPANY are obligated to
           defend and indemnify Plaintiff for the claims asserted in the personal injury
           action commenced by PAWEL SLESZYNSKI AND MARTA SKESZYNSKI in
           the Supreme Court of the State of New York, Nassau County, Index Number
           161426/2015, ("the Underlying Sleszynski Action");

     (2)    Plaintiffs are additional insureds under the general liability policies of insurance
           issued to the defendant, FRED GELLER ELECTRICAL, INC. by the defendants
           HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and
           HARLEYSVILLE WORCESTER INSURANCE COMPANY;

     (3)    Defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and
           HARLEYSVILLE WORCESTER INSURANCE COMPANY are obligated to
           reimburse Plaintiffs for all legal fees and expenses incurred by Plaintiffs in
           defending the Underlying Sleszynski Action;

     (4)    Defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and

HARLEYSVILLE WORCESTER INSURANCE COMPANY's Policies, providing additional insured coverage to Plaintiffs, are excess to and will not contribute with any other insurance providing coverage to Plaintiffs as named insureds or under corporate programs;

(5) Plaintiffs are entitled to an inquest on the issue of damages incurred by Plaintiffs, including, but not limited to, legal fees, disbursements, costs and expenses; and

(6) For such other, further and different relief that this Court deems just and proper.

## THE PARTIES AND JURISDICTION

2. At all times hereinafter mentioned, DURST was and is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

3. At all times hereinafter mentioned, HUNTER ROBERTS was and is a foreign limited liability company authorized to do business in the State of New York.

4. At all times hereinafter mentioned, HARLEYSVILLE INSURANCE COMPANY OF NEW YORK ("HARLEYSVILLE NEW YORK"), was and is a domestic business corporation duly licensed and authorized to conduct business within the State of New York.

5. At all times hereinafter mentioned, HARLEYSVILLE NEW YORK was and is a foreign business corporation duly licensed and authorized to conduct business in the State of New York.

6. At all times hereinafter mentioned, HARLEYSVILLE NEW YORK was and is an insurance company licensed to do, and still does, insurance business in the State of New York.

7. This Court has personal jurisdiction over HARLEYSVILLE NEW YORK because, at all relevant times hereafter mentioned, HARLEYSVILLE NEW YORK engaged in the business of insurance in the State of New York.

8. At all times hereinafter mentioned, HARLEYSVILLE WORCESTER

-2-

INSURANCE COMPANY ("HARLEYSVILLE WORCESTER") was and is a domestic business corporation duly licensed and authorized to conduct business within the State of New York.

       9.    At all times hereinafter mentioned, HARLEYSVILLE WORCESTER was and is a foreign business corporation duly licensed and authorized to conduct business in the State of New York.

      10.    At all times hereinafter mentioned, HARLEYSVILLE WORCESTER was and is an insurance company licensed to do, and still does, insurance business in the State of New York.

      11.    This Court has personal jurisdiction over HARLEYSVILLE WORCESTER because, at all relevant times hereafter mentioned, HARLEYSVILLE WORCESTER engaged in the business of insurance in the State of New York.

      12.    At all times hereinafter mentioned, FRED GELLER ELECTRICAL, INC. ("GELLER"), was and is a domestic business corporation duly licensed and authorized to conduct business within the State of New York.

      13.    This Court has personal jurisdiction over GELLER because, at all relevant times hereinafter mentioned, GELLER engaged in the business of insurance in the State of New York.

### THE UNDERLYING SLESZYNSKI LITIGATION

      14.    Plaintiffs in the Underlying Sleszynski Action claim that the plaintiff sustained personal injuries in a construction site accident that occurred on July 20, 2015 at the Durst Pyramid Project at 625 West 57th Street in Manhattan ("The Project"). The plaintiff allegedly fell while performing work for his employer. The plaintiffs' allege, among other things, that inadequate lights caused the accident.

      15.    During plaintiff's deposition on May 25, 2017, he testified the following:

      Q:    Do you know whether the lighting in the room was on?

      A:    I don't think so.

Q:    If it had been on, would you be able to see more of the
      room?

A:    Definitely.

Pg. 101, Ln. 13-18

16.     The allegations of the Complaint, without Plaintiffs admitting the truth thereof,
are incorporated by reference herein.

## INSURANCE COVERAGE PROCURED BY GELLER

17.     HARLEYSVILLE NEW YORK is the primary insurance carrier for GELLER.

18.     HARLEYSVILLE NEW YORK provides primary general liability insurance to
GELLER under policy number MPA00000063596R for the policy period 10/01/2014 to
10/01/2015 with an occurrence limit of $2,000,000 per occurrence and $4,000,000 in the
aggregate. ("The Harleysville Policy").

19.     HARLEYSVILLE WORCESTER provides umbrella/excess general liability
insurance to GELLER under policy number CMB00000063594R, for the policy period
10/1/2014 to 10/1/2015 with a limit of $9,000,000 per occurrence and $9,000,000 in the
aggregate (The "Harleysville Worcester Policy").

## INSURANCE COVERAGE PROCURED BY HUNTER ROBERTS

20.     Zurich North American ("Zurich") provides commercial general liability
insurance to Plaintiffs that was in effect on July 20, 2015 ("the Hunter Roberts Primary Policy").

## THE CONTRACTS AND INSURANCE PROCUREMENT OBLIGATIONS

21.     Prior to July 20, 2015, GELLER entered into a contract with the HUNTER
ROBERTS whereby GELLER was to provide perform electrical work and/or services at the
Project. ("The HUNTER ROBERTS-GELLER Contract").

22.     The HUNTER ROBERTS-GELLER Contract contains provisions whereby
GELLER agreed to defend and indemnify Plaintiffs and procure and keep in force and effect,

-4-

primary and noncontributory general liability insurance coverage naming Plaintiffs as additional insureds.

23.     The HUNTER ROBERTS-GELLER Contract also included an indemnity obligation that required GELLER to indemnify and hold Plaintiffs harmless from and against any damages and claims for bodily injury arising out of or from the performance of the work by GELLER.

24.     Specifically, Section 8.1 of the HUNTER ROBERTS-GELLER contract required the following:

> To the extent permitted by law, and to the extend not caused in whole or in part by an Indemnitee's own negligence, the Trade Contractor shall indemnify, defend, save and hold harmless Hunter Roberts and the Owner and their respective members, consultants, engineers, design professionals, partners, parents, affiliates, agents, officers, directors, shareholders and employees and anyone else acting for or on behalf of any of them and any other required Indemnitee required by the Owner (herein collectively called "Indemnitees") from and against all liability, damage, loss, claims, demands, suits, obligations, prohibitions, fines, penalties and actions of any nature whatsoever, including attorney's fees, which arise out of or are connected with or are claimed to arise out of or be connected with the performance of Work by Trade Contractor, or any act or omission of the Trade Contractor, including, without limitation, any work previously performed by, on behalf of or through Trade Contractor at the Site, whether or not caused in part by any Indemnitee(s).  As used in this Article 8, the term Trade Contractor" shall include its subcontractors of any tier, suppliers, agents, officers, consultants, design professionals and employees.  Without limiting the generality of the foregoing, such defense and indemnity include all liability, damages, loss, claims, demands and actions on account of personal injury, death, property loss or economic loss to any Indemnitee, any of Indemnitees, employees, agents, contractors or subcontractors, licensees or invitees, or other contractor or subcontractor, their employees, agents, contractors or subcontractors, licensees or invitees, or other contractor or subcontractor, their employees, agents, subcontractors, licensees or invitees or to any other persons, whether based upon, or claimed to be based upon, statutory (including, without limiting the generality of the foregoing, workers' compensation), contractual, tort or other liability of any Indemnitee, contractor, subcontractor or any other persons.  In addition, the liability, damages, loss, claims, demands and actions indemnified against shall include all liability, damage, loss, claims, demands and actions for trademark,

-5-

copyright or patent infringement, for unfair competition or infringement of any other so-called "intangible" property rights which arise out of any failure of the Trade Contractor to discharge its duties.

25.     GELLER, as a contracting party, knew and was aware that Plaintiffs were entitled to defense and insurance coverage and had all rights concerning additional insureds.

26.     GELLER, pursuant to the HUNTER ROBERTS-GELLER Contract, respectively, agreed to procure insurance policies naming Plaintiffs as additional insureds with respect to the work that GELLER was performing at the Project.

27.     Defendant HARLEYSVILLE NEW YORK in consideration for the premiums that GELLER paid, issued the Harleysville Policy to GELLER for periods of coverage that included July 20, 2015.

28.     The Harleysville Policy provides additional insured coverage for bodily injury to any person or organization with whom GELLER was required to include as an additional insured on the policy by a written contract or written agreement for liability arising out of GELLER's operations, work, or any act or omission of GELLER.

29.     The Harleysville Policy named Plaintiffs as additional insureds.

30.     Plaintiffs complied with all conditions precedent under the Harleysville Policy.

31.     Prior to July 20, 2015, HARLEYSVILLE OF NEW YORK, at the request of GELLER, issued the Harleysville Policy for personal injury claims covering GELLER as the named insured and Plaintiffs as additional insureds.

32.     The Underlying Sleszynski Action arose out of GELLER's work at the Project.

33.     HARLEYSVILLE OF NEW YORK was timely notified of the institution of the Underlying Sleszynski Action.

34.     Plaintiffs timely tendered the defense and indemnification under the Harleysville Policy.

35.     HARLEYSVILLE OF NEW YORK has refused to provide defense and/or indemnification to Plaintiffs against the claims asserted in the Underlying Sleszynski Action, as was required by the terms of the Harleysville Policy for this construction site accident.

36.     The liability coverage that the Harleysville policy provided was in full force and effect on July 20, 2015

37.     Defendant HARLEYSVILLE WORCESTER in consideration for the premiums that GELLER paid, issued the Harleysville Worcester Policy to GELLER for periods of coverage that included July 20, 2015

38.     The Harleysville Worcester Policy provides additional insured coverage for bodily injury to any person or organization with whom GELLER was required to include as an additional insured on the policy by a written contract or written agreement for liability arising out of GELLER's operations, work, or any act or omission of GELLER.

39.     The Harleysville Worcester Policy named Plaintiffs as additional insureds.

40.     Plaintiffs complied with all conditions precedent under the Harleysville Worcester Policy.

41.     Prior to July 20, 2015, GELLER issued the Harleysville Worcester Policy for personal injury claims covering GELLER as the named insured and Plaintiffs as additional insureds.

42.     The Underlying Sleszynski Action arose out of GELLER's work at the Project.

43.     HARLEYSVILLE WORCESTER was timely notified of the institution of the Underlying Sleszynski Action.

44.     Plaintiffs timely tendered the defense and indemnification under the Harleysville Worcester's Policy.

45.     HARLEYSVILLE WORCESTER has refused to provide defense and/or

indemnification to Plaintiffs against the claims asserted in the Underlying Sleszynski Action, as was required by the terms of the Harleysville Worcester's Policy for this construction site accident.

46.    The liability coverage that the Harleysville Worcester Policy provided was in full force and effect on July 20, 2015

47.    Plaintiffs appointed defense counsel to represent it in the Underlying Sleszynski Action, and which continues up to the present time.

48.    By reason of the foregoing, Plaintiffs have been deprived of the insurance coverage with respect to the claims in the Underlying Sleszynski Action, by reason of which Plaintiffs have sustained damages, and will continue to sustain damages consisting of the cost to defend the Underlying Sleszynski Action that Plaintiffs will sustain further damages should the Sleszynski plaintiffs recover judgment to the extent of the amount recovered against Plaintiffs that falls within the scope or limits of the Harleysville New York and Harleysville Worcester Policies.

49.    Plaintiffs have no adequate remedy at law.

## AS AND FOR A FIRST CAUSE OF ACTION

50.    Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs "1" through "49" of the Verified Complaint as if fully set forth herein.

51.    GELLER agreed by contract to defend and indemnify Plaintiffs for all claims arising out of or occurring in connection with its work on the project, or in preparation for its work on the project, any extension, modification, or amendment to its work on the project.

52.    GELLER has refused to provide the defense and indemnification in the Underlying Sleszynski Action pursuant to its obligations under the Harleysville New York and Harleysville Worcester's Policies and/or under the HUNTER ROBERTS-GELLER Contract.

-8-

53.    No timely disclaimers of HARLEYSVILLE OF NEW YORK and HARLEYSVILLE WORCESTER's obligations under the Harleysville New York and Harleysville Worcester Polices were made to Plaintiffs.

54.    HARLEYSVILLE OF NEW YORK and HARLEYSVILLE WORCESTER breached their Policy terms and conditions and obligations to Plaintiffs under their insurance contracts.

55.    Plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of HARLEYSVILLE OF NEW YORK and HARLEYSVILLE WORCESTER's refusal to fulfill their obligations to provide a defense and/or indemnification pursuant to the Contract and Harleysville New York and Harleysville Worcester's Policies referred to above, including but not limited to the costs of defending the Underlying Sleszynski Action and in incurring further expense in settlement and/or satisfaction of judgment as may be obtained against Plaintiffs.

56.    Plaintiffs are damaged by GELLER, HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER's failure to agree to defend and/or indemnify Plaintiffs for the Underlying Sleszynski Action, and/or comply with their agreements to provide the plaintiffs and pay for the defense of Plaintiffs.

57.    By reason of the foregoing, Plaintiffs are entitled to a declaration that HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER are obligated to defend and indemnify Plaintiffs against the claims asserted in the Underlying Sleszynski Action up through the limits of the Harleysville Insurance and Harleysville Worcester Polices and that HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER must afford Plaintiffs coverage which is primary to and will not be contributed to by any other available insurance to Plaintiffs.

58.   Plaintiffs have no other adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION

59.   Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "58" of this Verified Complaint as if fully set forth at length herein.

60.   Plaintiffs to date, have incurred attorneys' fees, costs, disbursements and other expenses in its defense of the Underlying Sleszynski Action and in prosecuting the Underlying Sleszynski Action.

61.   All expenses paid for the defense of Plaintiffs have been expended in good faith and due to the absence of HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER's compliance with its obligations to defend and indemnify Plaintiffs in the Sleszynski Action.

62.   HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER have wrongfully refused to pay for the defense of Plaintiffs detriment. HARLEYSVILLE OF NEW YORK and HARLEYSVILLE WORCESTER must reimburse all attorneys fees, costs, disbursements and expenses incurred in the defense of Plaintiffs.

63.   Plaintiffs have and will continue to suffer damages, harm and prejudice by virtue of the failure of HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER to reimburse all attorneys' fees, costs, disbursements and expenses incurred to defend Plaintiffs.

64.   HARLEYSVILLE NEW YORK and HARLEYSVILLE WORCESTER are therefore liable to reimburse all attorneys' fees, costs, disbursements and expenses incurred in the defense of Plaintiffs in the Sleszynski Action and all such fees going forward.

WHEREFORE, Plaintiffs pray for the following relief seeking a judgment declaring that:

(1)   Defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and HARLEYSVILLE WORCESTER INSURANCE COMPANY, are obligated to defend and indemnify Plaintiffs for the claims asserted in the personal injury action commenced by PAWEL SLESZYNSKI AND MARTA SKESZYNSKI in

-10-

the Supreme Court of the State of New York, Nassau County, Index Number 161426/2015, ("the Underlying Sleszynski Action");

(2)   Plaintiffs are additional insureds under the general liability policies of insurance issued to the defendant, FRED GELLER ELECTRICAL, INC. by the defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and HARLEYSVILLE WORCESTER INSURANCE COMPANY;

(3)   Defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and HARLEYSVILLE WORCESTER INSURANCE COMPANY are obligated to reimburse Plaintiffs for all legal fees and expenses incurred by Plaintiffs in defending the Underlying Sleszynski Action;

(4)   Defendants HARLEYSVILLE INSURANCE COMPANY OF NEW YORK and HARLEYSVILLE WORCESTER INSURANCE COMPANY's Policies, providing additional insured coverage to Plaintiffs, are excess to and will not contribute with any other insurance providing coverage to Plaintiffs as named insureds or under corporate programs;

(5)   Plaintiffs are entitled to an inquest on the issue of damages incurred by Plaintiffs, including, but not limited to, legal fees, disbursements, costs and expenses; and

(6) For such other, further and different relief that this Court deems just and proper.

Dated:   New York, New York
         December 19, 2017

                                        CULLEN and DYKMAN LLP

                        By:             _____
                                        Scott M. Shapiro, Esq.
                                        Attorneys for Plaintiffs
                                        DURST PYRAMID and HUNTER ROBERTS
                                        CONSTRUCTION GROUP, L.L.C.
                                        44 Wall Street, 15th Floor
                                        New York, New York 10005
                                        212-732-2000
                                        File No.: 5448-10

TO:   **BY SUPERINTENDENT OF INSURANCE**
      HARLEYSVILLE INSURANCE COMPANY OF NEW YORK
      355 Maple Avenue
      Harleysville, PA 19438-2297

-11-

**BY SUPERINTENDENT OF INSURANCE**
HARLEYSVILLE WORCESTER INSURANCE COMPANY
120 Front Street
Worcester, MA 01608-1408

**BY SECRETARY OF STATE**
FRED GELLER ELECTRICAL, INC.
54-15 38th Avenue
(AKA 37-32 55th Street)
Woodside, New York 11377

NEW YORK STATE
DEPARTMENT of
FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY  12257

U.S. POSTAGE PITNEY BOWES

ZIP 12210
02 4W
0000355170 JAN 03 2018

Kasia Spadaro
Harleysville Insurance Company of New
York
Corporation Service Company
80 State Street
Albany NY 122072543

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

--------------------------------------------------------------------X

PAWEL SLESZYNSKI and MARTA SLESZYNSKI,

Plaintiffs,

-against-

HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C
and DURST PYRAMID LLC,

Defendant.

--------------------------------------------------------------------X

**SUMMONS**

Plaintiff designates New
York County as the place of
trial.

The basis of venue is:
Defendant's Principal Place
of Business

**To the above named Defendant(s)**

**You are hereby summoned** to answer the complaint in this action, and to serve a
copy of your answer, of if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorney(s) within twenty days after the services of this
summons exclusive of the day of service, where service is made by delivery upon you
personally within the state, or within 30 days after completion of service where service is
made in any other manner. In case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
November 3, 2015

Yours, etc.,
WILLIAM SCHWITZER & ASSOCIATES, P.C.

By:

NOAH R. KATZ, ESQ.
Attorneys for Plaintiffs
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 683-3800
File No.: SRDS15-159

TO: Hunter Roberts Construction Group, L.L.C.
625 West 57th Street
New York, New York 10019

DURST PYRAMID LLC
c/o The Durst Organization
One Bryant Park
New York, New York 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

PAWEL SLESZYNSKI and MARTA SLESZYNSKI,          **VERIFIED COMPLAINT**

Plaintiffs,

Index No.:

-against-

HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.
And DURST PYRAMID LLC,

Defendants.
------------------------------------------------------------------------X

Plaintiffs, by their attorneys, WILLIAM SCHWITZER & ASSOCIATES, P.C., as and for a

cause of action alleges upon information and belief as follows:

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS

1.      That at all the times hereinafter alleged, and upon information and belief, the

defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C**, was and still is a domestic

corporation organized and existing under and by virtue of the laws of the State of New York.

2.      That at all the times hereinafter alleged, and upon information and belief, the

defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C**, was and still is a foreign

corporation authorized to do business under and by virtue of the laws of the State of New

York.

3.      That at all the times hereinafter alleged, and upon information and belief, the

defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, was a company organized

and existing under and by virtue of the laws of the State of New York.

4.      That at all of the times hereinafter mentioned, and upon information and belief,

the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.,** maintained a principal place of business in the County of New York, City and State of New York.

5. That at all the times hereinafter alleged, and upon information and belief, the defendant, **DURST PYRAMID LLC,** was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

6. That at all the times hereinafter alleged, and upon information and belief, the defendant, **DURST PYRAMID LLC,** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

7. That at all the times hereinafter alleged, and upon information and belief, the defendant, **DURST PYRAMID LLC,** was a company organized and existing under and by virtue of the laws of the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **DURST PYRAMID LLC,** maintained a principal place of business in the County of New York, City and State of New York.

9. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.,** owned the premises located at 625 West 57th Street, County of New York, City and State of New York.

10. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.,** maintained the premises located at 625 West 57th Street, County of New York, City and State of New York.

11. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, managed the premises located at 625 West 57th Street, County of New York, City and State of New York.

12. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, controlled the premises located at 625 West 57th Street, County of New York, City and State of New York.

13. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, supervised the premises located at 625 West 57th Street, County of New York, City and State of New York.

14. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, was the project manager for work, labor and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

15. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.,** was the general contractor for work, labor and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

16. That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, was a contractor for work, labor and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

17.    That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, by its agents, servants and employees directed, supervised, and controlled all of the work and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

18.    That prior to July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, hired various entities to provide and perform certain work, labor and/or services at the premises located at 625 West 57th Street, County of New York, City and State of New York.

19.    That prior to July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, entered into an agreement for certain work, labor and/or services to performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

20.    That on or about July 20, 2015, the defendant, **HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.**, by its agents, servants and employees, was performing certain work, labor and/or services at the premises located at 625 West 57th Street, County of New York, City and State of New York.

21.    That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, owned the premises located at 625 West 57th Street, County of New York, City and State of New York.

22.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, maintained the premises located at 625 West 57th Street, County of New York, City and State of New York.

23.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, managed the premises located at 625 West 57th Street, County of New York, City and State of New York.

24.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, controlled the premises located at 625 West 57th Street, County of New York, City and State of New York.

25.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, supervised the premises located at 625 West 57th Street, County of New York, City and State of New York.

26.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, was the project manager for work, labor and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

27.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC,** was the general contractor for work, labor and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

28.     That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, was a contractor for work, labor and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

29.   That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, by its agents, servants and employees directed, supervised, and controlled all of the work and/or services performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

30.   That prior to July 20, 2015, the defendant, **DURST PYRAMID LLC**, hired various entities to provide and perform certain work, labor and/or services at the premises located at 625 West 57th Street, County of New York, City and State of New York.

31.   That prior to July 20, 2015, the defendant, **DURST PYRAMID LLC**, entered into an agreement for certain work, labor and/or services to performed at the premises located at 625 West 57th Street, County of New York, City and State of New York.

32.   That on or about July 20, 2015, the defendant, **DURST PYRAMID LLC**, by its agents, servants and employees, was performing certain work, labor and/or services at the premises located at 625 West 57th Street, County of New York, City and State of New York.

33.   That on or about July 20, 2015, certain work, labor, services and construction work was being performed at the aforesaid premises known as 625 West 57th Street, County of New York, City and State of New York.

34.   That on or about July 20, 2015, the plaintiff, **PAWEL SLESZYNSKI**, was lawfully working at the aforementioned premises.

35.   That on or about July 20, 2015, the plaintiff **PAWEL SLESZYNSKI**, was on the aforesaid premises, he was caused trip and fall as a result of  tripping hazards on the aforementioned location.

36. The aforesaid accident and the injuries resulting therefrom were due solely and wholly to the careless, reckless and negligent manner in which the defendants owned, managed, maintained, controlled and supervised the aforesaid premises and/or the construction work being done on the aforesaid premises, without the plaintiff in any way contributing thereto.

37. The defendants herein were negligent, reckless and careless in that they violated their duties to persons lawfully on the aforesaid premises and to this plaintiff in particular, in knowingly, permitting, suffering and allowing the aforesaid premises to be, become and remain in a defective, unsafe and dangerous condition, in knowingly permitting, suffering and allowing plaintiff to work in an unsafe work place; and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

38. That by reason of the foregoing and the negligence, carelessness and recklessness of the defendants, the plaintiff, **PAWEL SLESZYNSKI**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled.

39. That by reason of the foregoing, the plaintiff, **PAWEL SLESZYNSKI**, was compelled and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and medical care, the plaintiff, **PAWEL SLESZYNSKI**, will necessarily incur similar expenses.

40. That by reason of the foregoing, the plaintiff, **PAWEL SLESZYNSKI**, has been unable to attend to his usual occupation in the manner required, sustaining loss of wages and will suffer loss of earnings in the future.

41. One or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

42. That as a result of the foregoing, the plaintiff, **PAWEL SLESZYNSKI**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 inclusive, with the same force and effect as though more fully set forth at length herein.

44. That the defendants failed to provide plaintiff with a safe place to work.

45. That the defendants violated §§200, 240(1), and 241(6) of the New York Labor Law.

46. That the defendants violated the Industrial Code of the State of New York.

47. That as a result of the foregoing, the plaintiff, **PAWEL SLESZYNSKI**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR THE THIRD CAUSE OF ACTION

48.     Plaintiff, **MARTA SLESZYNSKI**, repeats and realleges each and every allegation contained in paragraphs 1 through 47 inclusive, with the same force and effect as though more fully set forth at length herein.

49.     That at all of the times hereinafter mentioned, the plaintiff, **MARTA SLESZYNSKI**, was and still is the wife of the plaintiff, **MARTA SLESZYNSKI**, and resided with and cohabitated with the plaintiff, **PAWEL SLESZYNSKI**.

50.     That in consequence of the injuries by the plaintiff, **PAWEL SLESZYNSKI**, as aforesaid, the plaintiff, **MARTA SLESZYNSKI**, incurred expenses for medical, hospital, and x-ray aid and attention in an effort to cure the said **PAWEL SLESZYNSKI**, of the said injuries, and necessarily paid diverse sums of money for medical, hospital and x-ray aid and attention, and for medicines, and this plaintiff necessarily incurred obligations and extended monies for the care of the said **PAWEL SLESZYNSKI**, and for the performance of the household duties usually performed by this said **PAWEL SLESZYNSKI** and the plaintiff, **MARTA SLESZYNSKI**, was deprived of the companionship and consortium of the plaintiff **PAWEL SLESZYNSKI** for some time.

51.     That as a result of the foregoing, the plaintiff, **MARTA SLESZYNSKI**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiffs **PAWEL SLESZYNSKI** and **MARTA SLESZYNSKI** demand judgment against the Defendants for the First Cause of Action in excess of the jurisdictional amounts of the lower Courts, for the Second Cause of Action in excess of the jurisdictional

amounts of the lower Courts, for the Third Cause of Action in excess of the jurisdictional

amounts of the lower Courts, all together with the costs and disbursements of this action.

Dated: New York, New York
     November 3, 2015

Yours, etc.,
WILLIAM SCHWITZER & ASSOCIATES, P.C.

By:

    NOAH R. KATZ, ESQ.
    Attorneys for Plaintiffs
    112 Madison Avenue, 10th Floor
    New York, New York 10016
    (212) 683-3800
    File No.: SMSC14-002

## ATTORNEY'S VERIFICATION

NOAH R. KATZ, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalty of perjury:

That I am associated with the firm of WILLIAM SCHWITZER & ASSOCIATES, P.C., the attorney for the plaintiffs in the within action and as such, I am fully familiar with the facts and circumstances surrounding this matter based upon my review of the contents of the file maintained by this office.

That I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief; and, as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by the plaintiffs is that the plaintiffs do not reside within the county in which my office is maintained.

That the grounds for your affirmant's belief as to all matters not stated upon my own knowledge are as follows: facts, investigations, reports, records, and documents contained in plaintiffs' file maintained by your affirmant's office.

Dated: New York, New York
      November 3, 2015

NOAH R. KATZ, ESQ.

**Index No.:**
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

========================================================================

PAWEL SLESZYNSKI and MARTA SLESZYNSKI,

Plaintiffs,

-against-

HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C
and DURST PYRAMID LLC,

Defendant.

========================================================================

### SUMMONS AND VERIFIED COMPLAINT

========================================================================

**WILLIAM SCHWITZER & ASSOCIATES, P.C.**
**Attorneys for Plaintiff**
**112 Madison Avenue**
**New York, N.Y. 10016**
**(212) 685-7800**

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

PAWEL SLESZYNSKI and MARTA SLESZYNSKI,              Index No.: 161426/2015

Plaintiffs,

-against-
                                                   **NOTICE OF IMPLEADER**

HUNTER ROBERTS CONSTRUCTION GROUP,
and DURST PYRAMID LLC,

Defendants.

---------------------------------------------------------------------X

HUNTER ROBERTS CONSTRUCTION GROUP,
L.L.C. and DURST PYRAMID LLC,                       Third-Party Index No.:

Third-Party Plaintiffs,

-against-

FRED GELLER ELECTRICAL, INC.,

Third-Party Defendant.

---------------------------------------------------------------------X

PLEASE TAKE NOTICE, that in the above-entitled action, pursuant to the CPLR, the

Defendant/Third-Party Plaintiffs DURST PYRAMID LLC ("DURST") and HUNTER

ROBERTS CONSTRUCTION GROUP, L.L.C. ("HUNTER ROBERTS") has impleaded FRED

GELLER ELECTRICAL, INC. as a Third-Party Defendant herein, and that the caption has been

changed to read as above-entitled.  A copy of this Statement has been served upon all attorneys

appearing in this action as of this date.  A copy of the Third-Party Summons and Complaint are

annexed hereto as **Exhibit A**.

Dated: New York, New York
       December 12, 2017                    CULLEN and DYKMAN LLP


                                    By:   _____
                                          MATTHEW D. TRAUNER
                                          Attorneys for Defendants/Third-Party Plaintiffs
                                          HUNTER ROBERTS CONSTRUCTION
                                          GROUP, L.L.C. and DURST PYRAMID LLC

{00405685.DOCX}

44 Wall Street, 15th Floor
New York, New York 10005
(212) 701-4150

TO:   **VIA SECRETARY OF STATE**
FRED GELLER ELECTRICAL, INC.
5415 38th Avenue
Woodside, New York 11377

CC:   WILLIAM SCHWITZER &
ASSOCIATES
Attorneys for Plaintiffs
820 2nd Avenue, 10th Floor
New York, NY 10017
(212) 683-3800

{00405685.DOCX}        -2-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
PAWEL SLESZYNSKI and MARTA SLESZYNSKI,                     Index No.: 161426/2015

     Plaintiffs,

   -against-

HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.        **THIRD-PARTY SUMMONS**
and DURST PYRAMID LLC,

     Defendants.
-------------------------------------------------------------------------X
HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.
and DURST PYRAMID LLC,                                     Third-Party
            Index No.:

    Third-Party Plaintiffs,
   -against-

FRED GELLER ELECTRICAL, INC.,

    Third-Party Defendant.
-------------------------------------------------------------------------X

TO: FRED GELLER ELECTRICAL, INC.
   5415 38th Avenue
   Woodside, New York 11377

  YOU ARE HEREBY SUMMONED and required to serve upon the undersigned attorneys

for Defendants/Third-Party Plaintiffs DURST PYRAMID LLC ("DURST") and HUNTER

ROBERTS CONSTRUCTION GROUP, L.L.C. ("HUNTER ROBERTS") a Verified Answer to

the annexed Third-Party Complaint, which is herewith served upon you, within twenty (20) days

after service thereof, exclusive of the date of service, or within thirty (30) days after service is

complete, if service is made by any method other than personal service upon you within the State

of New York. In case of your failure to answer within the required time, please be advised that

{00392088.DOCX}

judgment will be taken against you by default for the relief demanded in the Verified Third-Party Complaint.

PLEASE TAKE NOTICE, that in the above-entitled action, pursuant to C.P.L.R. § 3402(b), Defendants/Third-Party Plaintiffs DURST and HUNTER ROBERTS have impleaded the above-named Third-Party Defendant, that the caption is now as set forth above, and that a copy of this statement has been served upon all parties who have appeared herein.

This case is not on the Trial Calendar.

Dated: New York, New York
December 12, 2017

<div style="margin-left:40%">

CULLEN and DYKMAN LLP

By: _____

MATTHEW D. TRAUNER
Attorneys for Defendants/Third-Party Plaintiffs
HUNTER ROBERTS CONSTRUCTION
GROUP, L.L.C. and DURST PYRAMID LLC
44 Wall Street, 15th Floor
New York, New York 10005
(212) 701-4150

</div>

TO: **VIA SECRETARY OF STATE**
FRED GELLER ELECTRICAL, INC.
5415 38th Avenue
Woodside, New York 11377

CC: WILLIAM SCHWITZER &
ASSOCIATES
Attorneys for Plaintiffs
820 2nd Avenue, 10th Floor
New York, NY 10017
(212) 683-3800

{00392088.DOCX}                                        -2-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------------X
PAWEL SLESZYNSKI and MARTA SLESZYNSKI,          Index No.: 161426/2015

                Plaintiffs,

      -against-
                                        **THIRD-PARTY**
HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.     **COMPLAINT**
and DURST PYRAMID LLC,

                Defendants.
--------------------------------------------------------------------------------X
HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C.
and DURST PYRAMID LLC,                         Third-Party
                                        Index No.:

             Third-Party Plaintiffs,
      -against-

FRED GELLER ELECTRICAL, INC.,

             Third-Party Defendant.
--------------------------------------------------------------------------------X

      Defendants/Third-Party Plaintiffs, HUNTER ROBERTS CONSTRUCTION GROUP,

L.LC. ("HUNTER ROBERTS") and DURST PYRAMID LLC ("DURST"), collectively

("Defendants/Third-Party Plaintiffs"), by their attorneys, CULLEN AND DYKMAN LLP, as

and for their Third-Party Complaint against FRED GELLER ELECTRICAL, INC.

("GELLER"), allege upon information and belief as follows:

### THE PARTIES AND JURISDICTION

      1.    At all times relevant hereto, DURST was and is a domestic limited liability

company duly licensed and authorized to conduct business in the State of New York.

      2.    At all times relevant hereto, HUNTER ROBERTS was and is a foreign limited

liability company duly licensed and authorized to conduct business in the State of New York.

{00392084.DOCX}

3. At all times hereinafter mentioned, GELLER was and still is a domestic business corporation duly licensed and authorized to conduct business within the State of New York.

4. At all times hereinafter mentioned, GELLER was and still is an unauthorized foreign corporation.

5. This Court has personal jurisdiction over GELLER because at all times hereinafter mentioned, GELLER committed a tortious act within the State of New York.

6. This Court has personal jurisdiction over GELLER because at all times hereinafter mentioned, GELLER regularly does or solicits business and/or engages in a persistent course of conduct and derives substantial revenue from services rendered within the State of New York.

7. This Court has personal jurisdiction over GELLER because at all times hereinafter mentioned, GELLER derived substantial revenue from interstate commerce involving New York.

## THE UNDERLYING ACTION

8. Plaintiffs PAWEL SLESZYNSKI and MARTA SLESZYNSKI seek damages for personal injuries allegedly sustained by plaintiff, PAWEL SLESZYNSKI, on July 20, 2015 in a construction work-related accident at the Durst Pyramid project, at 625 W. 57th Street, New York, NY in New York, NY. ("The Project").

9. Plaintiff commenced an action by filing a Summons and Complaint on or about November 23, 2015.

10. Plaintiffs' Complaint sets forth causes of action sounding in common law negligence and alleged violations of §§ 200, 240 and 241(6) of the New York State Labor Law

{00392084.DOCX}                              -2-

and violations of the New York State Industrial Code.

11. On or about February 29, 2016 DURST and HUNTER ROBERTS joined issue in the action through service of its answer to the Complaint.

12. HUNTER ROBERTS entered into a contract with GELLER to provide and/or perform electrical work and services at the Project. (The "HUNTER ROBERTS-GELLER Contract").

13. The HUNTER ROBERTS-GELLER Contract required GELLER to procure additional insured coverage for DURST and HUNTER ROBERTS on a primary and noncontributory basis.

14. The HUNTER ROBERTS-GELLER Contract also required GELLER to defend and indemnify DURST and HUNTER ROBERTS.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT
### GELLER FOR CONTRACTUAL INDEMNIFICATION

15. Third-Party Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "14" of this Third-Party Complaint with the same force and effect as if fully set forth herein.

16. Prior to July 20, 2015, HUNTER ROBERTS entered into the Contract for HUNTER ROBERTS-GELLER to perform electrical work and services.

17. The GELLER Contract was in full force and effect on July 20, 2015.

18. Pursuant to the HUNTER ROBERTS-GELLER Contract, GELLER was required to defend and indemnify DURST and HUNTER ROBERTS for:

> All liability, damage, loss, claims, demands and actions of any nature whatsoever which arise out of or are connected with or are claimed to arise out of or be connected with the performance of GELLER's work, or any act or

{00392084.DOCX}    -3-

omission of GELLER.

19.     On or about July 20, 2015, the construction site accident allegedly occurred at the Project where Plaintiff was allegedly injured while in course of performing his work.

20.     GELLER failed to properly perform its work at the Project and failed to take reasonable precautions to maintain adequate and/or sufficient lighting to prevent the plaintiffs' injuries.

21.     During plaintiff's deposition on May 25, 2017, he testified the following:

Q:     Do you know whether the lighting in the room was on?

A:     I don't think so.

Q:     If it had been on, would you be able to see more of the room?

A:     Definitely.

Pg. 101, ln. 13-18

22.     GELLER failed to procure insurance and provide the defense and indemnification it owed/and owes to HUNTER ROBERTS and DURST.

23.     If and in the event Plaintiffs sustain or sustained damages as alleged in the Complaint and/or pleadings, all of which are denied by the Third-Party Plaintiffs, said damages were caused by the negligence, culpable conduct, wrongful acts, acts and/or omissions of GELLER, its agents, servants and/or employees with no negligence, culpable or wrongful conduct on the part of the Third-Party Plaintiffs, their agents, servants and/or employees contributing thereto.

24.     Plaintiffs' damages, if any, resulted from and/or arose out of GELLER's performance of its work that is the subject of the HUNTER ROBERTS-GELLER Contract.

{00392084.DOCX}                              -4-

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT
## GELLER FOR BREACH OF CONTRACT

25. The Third-Party Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "23" of this Third-Party Complaint with the same force and effect as if fully set forth herein.

26. Pursuant to the HUNTER ROBERTS-GELLER Contract, GELLER was required to defend and indemnify DURST and HUNTER ROBERTS for:

> All liability, damage, loss, claims, demands and actions of any nature whatsoever which arise out of, relate to or resulting from the performance of work by the GELLER.

27. Pursuant to the HUNTER ROBERTS-GELLER Contract, GELLER was required to procure insurance coverage for DURST and HUNTER ROBERTS.

28. The HUNTER ROBERTS-GELLER Contract was in full force and effect on July 8, 2015.

29. Under the HUNTER ROBERTS-GELLER Contract, GELLER agreed to procure policies of insurance and to name DURST and HUNTER ROBERTS as an additional insureds under all of GELLER's polices on a primary and noncontributory basis.

30. Under the HUNTER ROBERTS-GELLER Contract, GELLER was required to procure insurance coverage to defend, indemnify and protect HUNTER ROBERTS and DURST against the loss alleged in the Complaint.

31. GELLER failed to procure insurance covering, defending, indemnifying and protecting DURST and HUNTER ROBERTS against the loss described in the Complaint.

32. As GELLER failed to procure insurance under its contractual obligation to do so, it is liable for, and will be required to, fully reimburse all past and go-forward attorneys' fees, disbursements, costs, and expenses as well as judgments, verdicts and/or settlements against

{00392084.DOCX}                    -5-

DURST and HUNTER ROBERTS in this action.

33.    GELLER failed to fully comply with its obligations as detailed in the HUNTER ROBERTS-GELLER Contract.

34.    GELLER's failure to fully comply with its contractual obligations as detailed in the HUNTER ROBERTS-GELLER Contract is the actual and/or proximate cause of the damages, if any, alleged by the Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT GELLER FOR CONTRIBUTION

35.    The Third-Party Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "33" of this Third-Party Complaint with the same force and effect as if fully set forth herein.

36.    If Plaintiffs and/or any other party should obtain a recovery against the Third-Party Plaintiffs by reason of the allegations set forth in the Complaint, then the facts and conditions set forth in those allegations were brought about in whole or in part by the negligence, wrongful or culpable conduct, acts and/or omissions of GELLER its agents, servants and/or employees.

37.    By reason of the foregoing, in the event of any recovery, judgment or verdict against Third-Party Plaintiffs, DURST and HUNTER ROBERTS will be entitled to contribution from GELLER, GELLER's proportional share of liability as determined by the relative culpability of each party, including costs and disbursements and expenses including attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT GELLER
## FOR COMMON LAW INDEMNIFICATION

38.    The Third-Party Plaintiffs repeat, reiterate and re-allege each and every

allegation contained in Paragraphs "1" through "36" of this Third-Party Complaint with the same force and effect as if fully set forth herein.

   39. If Plaintiffs and/or any other party should obtain a recovery against the Third-Party Plaintiffs by reason of the allegations set forth in the Complaint, then the facts and conditions set forth in those allegations were brought about by the negligence, wrongful or culpable conduct, acts and/or omissions of GELLER, its agents, servants and/or employees, and therefore in the event of any recovery, judgment or verdict against the Third-Party Plaintiffs, by reason of the allegations contained in the Complaint, such would be caused by operation of law without any negligence or culpable conduct on the part of the Third-Party Plaintiffs.

   40. By reason of the foregoing and in the event any recovery, judgment or verdict is obtained against the Third-Party Plaintiffs in this action, DURST and HUNTER ROBERTS are entitled to full common law indemnification from GELLER for the full amount of any such recovery(ies), judgment(s), or verdict(s) including costs and disbursements, together with attorneys' fees and their expenses incurred therein.

   WHEREFORE, Defendants/Third-Party Plaintiffs demand judgment against the Third-Party Defendant GELLER as follows:

    1. On the First Cause of Action for contractual indemnification against GELLER for the full amount of any recovery, judgment or verdict obtained against the Third-Party Plaintiffs by Plaintiffs or any others by reason of the allegations set forth in the Complaint, together with all costs, disbursements, expenses, including attorneys' fees incurred by the Third-Party Plaintiffs;

    2. On the Second Cause of Action for breach of contract against GELLER or the full amount of any recovery, judgment or verdict obtained against the Third-Party Plaintiffs by underlying Plaintiffs and/or any others by reason of the allegations set forth in the Complaint, together with all costs, disbursements and expenses, including attorneys' fees incurred by the Third-Party Plaintiffs;

{00392084.DOCX}     -7-

3. On the Third Cause of Action for contribution against GELLER's proportional share of liability as determined and accordance with the relative culpability of each party including costs, disbursements and expenses, including reasonable attorneys' fees;

4. On the Fourth Cause of Action for common law indemnification against GELLER for the full amount of any recovery, judgment or verdict obtained against the Third-Party Plaintiffs by the Plaintiffs and/or any others by reason of the allegations set forth in the Complaint, together with all costs, disbursements expenses, including attorneys' fees incurred by the Third-Party Plaintiffs; and

5. For such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
December 12, 2017

CULLEN and DYKMAN LLP

By: _____

MATTHEW D. TRAUNER
Attorneys for Defendants/
Third-Party Plaintiffs
HUNTER ROBERTS CONSTRUCTION
GROUP, L.L.C. and DURST PYRAMID LLC
44 Wall Street, 15th Fl.
New York, New York 10005
(212) 701-4150
File No.: 5448-10

TO: **VIA SECRETARY OF STATE**
FRED GELLER ELECTRICAL, INC.
5415 38th Avenue
Woodside, New York 11377

CC: WILLIAM SCHWITZER &
ASSOCIATES
Attorneys for Plaintiffs
820 2nd Avenue, 10th Floor
New York, NY 10017
(212) 683-3800

{00392084.DOCX}                                    -8-

### ATTORNEY'S VERIFICATION

STATE OF NEW YORK     }
                                  }   ss.:
COUNTY OF NEW YORK   }

MATTHEW D. TRAUNER, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following:

That he is an associate with the law firm CULLEN AND DYKMAN LLP, attorneys for Defendants/Third-Party Plaintiffs HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. and DURST PYRAMID LLC in the within action. That he has read the foregoing Third-Party Complaint and knows the contents thereof to be true based on his own knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters, he believes them to be true. That the reason this verification is not made by Defendants/Third-Party HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. and DURST PYRAMID LLC is that one of the Defendants/Third-Party Plaintiffs is a foreign entity.

Affirmant further states that the source of his information and the grounds of this belief, as to all matters not stated upon his knowledge are from investigations made on behalf of said Defendants/Third-Party Plaintiffs HUNTER ROBERTS CONSTRUCTION GROUP, L.L.C. and DURST PYRAMID LLC.

Dated: New York, New York
        December 12, 2017

                                        MATTHEW D. TRAUNER

{00392084.DOCX}